FILED

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JENNIFER Y. CHOU (Cal. Bar No. 238142)
Assistant United States Attorney
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482
    Facsimile: (213) 894-3713
    E-mail: jennifer.chou@usdoj.gov

2012 MAY 11 PM 4:06

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 12 00459 |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| HAYK KAZARYAN, <br>   aka "Mike," <br>   aka "Michael," | |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    ____ 1. <u>Temporary 10-day Detention Requested (§ 3142(d))</u>
           <u>on the following grounds</u>:

           ____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); <u>or</u>

|     |     |     |
| --- | --- | --- |
| \_\_\_\_ | b. | defendant is an alien not lawfully admitted for permanent residence; <u>and</u> |
| \_\_\_\_ | c. | defendant may flee; or |
| \_\_\_\_ | d. | pose a danger to another or the community. |
| X | 2. | <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>: |
| x | a. | the appearance of the defendant as required; |
| x | b. | safety of any other person and the community. |
| \_\_\_\_ | 3. | <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| \_\_\_\_ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| \_\_\_\_ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| X | 4. | <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| x | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| \_\_\_\_ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and |

2

```
                    flight risk);
   _____  c.  offense involving a minor victim under 18 U.S.C.
             §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245,
             2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-
             2252A(a)(4), 2260, 2421, 2422, 2423 or 2425
             (presumption of danger to community and flight
             risk);
   _____  d.  defendant currently charged with an offense
             described in paragraph 5a - 5e below, AND
             defendant was previously convicted of an offense
             described in paragraph 5a - 5e below (whether
             Federal or State/local), AND that previous
             offense was committed while defendant was on
             release pending trial, AND the current offense
             was committed within five years of conviction or
             release from prison on the above-described
             previous conviction (presumption of danger to
             community).
     X   5.  Government Is Entitled to Detention Hearing
             Under § 3142(f) If the Case Involves:
   _____  a.  a crime of violence (as defined in 18 U.S.C.
             § 3156(a)(4)) or Federal crime of terrorism (as
             defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
             maximum sentence is 10 years' imprisonment or
             more;
   _____  b.  an offense for which maximum sentence is life
             imprisonment or death;
```

```
    x   c.  Title 21 or MDLEA offense for which maximum
            sentence is 10 years' imprisonment or more;
   ___  d.  any felony if defendant has two or more
            convictions for a crime set forth in a-c above or
            for an offense under state or local law that
            would qualify under a, b, or c if federal
            jurisdiction were present, or a combination or
            such offenses;
   ___  e.  any felony not otherwise a crime of violence that
            involves a minor victim or the possession or use
            of a firearm or destructive device (as defined in
            18 U.S.C. § 921), or any other dangerous weapon,
            or involves a failure to register under 18 U.S.C.
            § 2250;
    X   f.  serious risk defendant will flee;
   ___  g.  serious risk defendant will (obstruct or attempt
            to obstruct justice) or (threaten, injure, or
            intimidate prospective witness or juror, or
            attempt to do so).
___ 6.  Government requests continuance of _____ days for
        detention hearing under § 3142(f) and based upon the
        following reason(s):
        _____
        _____
        _____
//
//
```

____    7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

DATED: May 10, 2012

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/ Jennifer Y. Chou

JENNIFER Y. CHOU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA