ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JENNIFER Y. CHOU (Cal. Bar No. 238142)
Assistant United States Attorney
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6482
     Facsimile:  (213) 894-3713
     E-mail:     jennifer.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>HAYK KAZARYAN,<br>   aka "Mike,"<br>   aka "Michael,"<br><br>                Defendant. | SA CR No. 12-459-CJC<br><br><u>PLEA AGREEMENT FOR DEFENDANT<br>HAYK KAZARYAN</u> |

        1.    This constitutes the plea agreement between HAYK KAZARYAN, also known as "aka" "Mike," aka "Michael" ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

        2.    Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts two and four of the indictment in <u>United States v. Hayk Kazaryan</u>, SA CR No. 12-459-CJC, which charge defendant with the following: (1) distribution of at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); and (2) possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

2

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    At the time of sentencing, move to dismiss the information filed against defendant on or about April 30, 2013, pursuant to 21 U.S.C. § 851 (the "851 Information").  Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed information in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

4.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 23 or higher and provided that the Court

3

1  does not depart downward in offense level or criminal history

2  category.  For purposes of this agreement, the low end of the

3  Sentencing Guidelines range is that defined by the Sentencing Table

4  in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSES</u>

5. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), the following must be true: (1) Defendant knowingly distributed at least five grams of methamphetamine; and (2) Defendant knew it was methamphetamine or some other prohibited drug.

6. Defendant understands that for defendant to be guilty of the crime charged in count four, that is, possession of a unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d), the following must be true: (1) Defendant knowingly possessed a "firearm" as defined in 26 U.S.C. § 5845, namely, a short-barreled shotgun with an overall length of less than 26 inches or a barrel less than 16 inches in length; and (2) The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

7. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least five of methamphetamine. Defendant admits that defendant, in fact, distributed at least five grams of methamphetamine.

<u>PENALTIES</u>

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), as charged in count two, is: 40 years' imprisonment; a lifetime period of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Defendant understands that the statutory maximum sentence that the Court can impose for such a violation after defendant had been convicted of one or more felony drug offense, as alleged in the 851 Information, is: life imprisonment; an lifetime period of supervised release; a fine of $8,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 26 U.S.C. § 5861(d), as charged in count four, is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $10,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 50 years' imprisonment; a lifetime period of supervised release; a fine of $5,010,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.  Defendant understands that the total statutory maximum sentence that the Court can impose for both counts to which defendant is pleading guilty after defendant had been convicted of

one or more felony drug offense, as alleged in the 851 Information, is: life imprisonment; lifetime period of supervised release; a fine of $8,010,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.

11.    Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation 21 U.S.C. §§ 841(a)(1), (b)(1)(B), as charged in count two, is: 5 years' imprisonment, followed by a 4-year period of supervised release, and a mandatory special assessment of $100.  Defendant understands that the statutory mandatory minimum sentence that the Court must impose for such a violation after defendant had been convicted of one or more felony drug offense, as alleged in the 851 Information, is: 10 years' imprisonment, followed by an 8-year period of supervised release, and a mandatory special assessment of $100.

12.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected

1 immigration consequences will not serve as grounds to withdraw

2 defendant's guilty plea.

3                                    FACTUAL BASIS

4      16.  Defendant admits that defendant is, in fact, guilty of the

5 offenses to which defendant is agreeing to plead guilty.  Defendant

6 and the USAO agree to the statement of facts provided below and

7 agree that this statement of facts is sufficient to support pleas of

8 guilty to the charges described in this agreement and to establish

9 the Sentencing Guidelines factors set forth in paragraph 18 below

10 but is not meant to be a complete recitation of all facts relevant

11 to the underlying criminal conduct or all facts known to either

12 party that relate to that conduct.

13      In early February 2011, defendant met with an individual whom

14 defendant believed was interested in purchasing drugs and firearms

15 from defendant, but who was in fact, unbeknownst to defendant, a

16 confidential informant ("CI") working at the direction of the Bureau

17 of Alcohol, Tobacco, Firearms & Explosives ("ATF").  On or about

18 February 7, 2011, defendant met with the CI and arranged to sell the

19 CI a pistol at defendant's place of business in Van Nuys,

20 California, the following day.  On February 8, 2011, defendant met

21 with the CI at defendant's place of business and gave the CI a Sears

22 model M-300, 12-gauge semiautomatic shotgun, bearing serial number

23 Q71169, which had been manufactured by Winchester in New Haven,

24 Connecticut, for Sears, Roebuck & Co.  The shotgun had a visibly

25 sawed-off barrel measuring approximately 13 inches, that is, 5

26 inches less than the legal length of 18 inches.  The CI paid

27 defendant $450 in United States currency in exchange for the

28 shotgun.  Defendant also gave the CI a partially-assembled Spanish

6.35 (.25 Auto) caliber semiautomatic pistol, bearing serial number 12452, which was manufactured in Spain by an unknown manufacturer. The CI gave defendant $100 in United Statues currency in exchange for the pistol.

In the days leading up to August 11, 2011, defendant and the CI arranged over the phone and in person for the CI to purchase a quarter-ounce of methamphetamine. On August 11, 2011, the CI met defendant at defendant's residence in Northridge, California. At approximately 6:30 p.m., two unindicted co-conspirators arrived at defendant's residence and delivered a baggie containing methamphetamine to defendant. Defendant weighed the baggie and gave it to the CI in exchange for $300 in United States currency. The substance in the baggie weighed approximately 6.9 grams, was approximately 98.0% pure, and thus contained approximately 6.7 grams of actual methamphetamine.

Over the next few days, at the ATF's direction, the CI arranged to purchase a half-ounce of methamphetamine from defendant. On August 16, 2011, the CI met defendant at defendant's residence. At approximately 3:20 p.m., the same two unindicted co-conspirators from the August 11, 2011, transaction, arrived at defendant's residence and delivered two baggies of methamphetamine, which defendant gave to the CI in exchange for $550 in United States currency. The total substance in the two baggies weighed a total of 13.8 grams, was approximately 99.1% pure, and thus contained approximately 13.6 grams of actual methamphetamine.

On March 23, 2010, defendant pled guilty to the following felony crime, punishable by a term of imprisonment exceeding one year, namely, Possession of a Controlled Substance, in violation of

California Health & Safety Code Section 11377(A), in the Superior Court of the State of California, County of Los Angeles, case number GA078666, and entered a deferred judgment program on that date.  On September 27, 2010, defendant was convicted after the deferred entry of judgment was terminated and criminal proceedings were reinstated for defendant's failure to appear.  On April 27, 2011, defendant's conviction became final, judgment was entered, and defendant was sentenced.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

18.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

***Guns***

Base Offense Level
§ 5854(a) Firearm  :    18    [U.S.S.G. § 2K2.1(a)(4)]

***Drugs***

Base Offense Level
20.3 Grams of

Methamphetamine    :    26    [U.S.S.G. §§ 2D1.1(a)(1), (c)(7), (Nov. 1, 2014)][1]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

19.  Defendant and the USAO agree that:

a.  Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged on count two.

b.  The offense charged in count two did not result in death or serious bodily injury to any person; and

_____

[1] On April 10, 2014, the United States Sentencing Commission approved an amendment to the Drug Quantity Table found in subsection (c) of U.S.S.G. § 2D1.1 that would reduce most § 2D1.1 base offense levels by two levels (Amendment 782).  Although the amendment is not yet effective as of the signing of this plea agreement addendum, the parties have agreed to stipulate to the Court calculating defendant's base offense level using the proposed amendment.

If, for some reason, the amendment does not become effective before defendant is sentenced, the Court would need to also calculate defendant's base offense level using the November 1, 2013, version of § 2D1.1.  In that event, and if the amendment would actually result in a reduction to defendant's Guidelines range, the parties agree that the Court should sentence defendant as if the amendment were effective by exercising the discretion conferred by Kimbrough v. United States, 552 U.S. 85, 101 (2007), to reduce defendant's November 1, 2013, base offense level by two levels.

c.    Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count two and was not engaged in a continuing criminal enterprise.

20.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

23.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the high end of the range corresponding to a total offense level of 23 and the criminal history category as calculated by this Court, or the statutory mandatory minimum sentence, whichever is higher, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

1  alcohol and drug use conditions authorized by 18 U.S.C.

2  § 3563(b)(7).

3      25.  The USAO agrees that, provided (a) all portions of the

4  sentence are at or above the statutory minimum and at or below the

5  statutory maximum specified above and (b) the Court imposes a term

6  of imprisonment of no less than low end of the range corresponding

7  to a total offense level of 23 and the criminal history category as

8  calculated by this Court, or the statutory mandatory minimum

9  sentence, whichever is higher, the USAO gives up its right to appeal

10  any portion of the sentence.

11  WAIVER OF RIGHT TO FILE 18 U.S.C. § 3582(C)(2) MOTION TO REDUCE

12                                SENTENCE

13      26.  On April 10, 2014, the United States Sentencing Commission

14  approved an amendment to the Drug Quantity Table found in subsection

15  (c) of § 2D1.1 of the Sentencing Guidelines that may reduce the base

16  offense level for the kind of offenses that defendant committed by

17  two levels, and on July 18, 2014, the Commission approved a further

18  amendment to make the amendment to the Drug Quantity Table

19  retroactive.  Because these amendments have not yet gone into effect

20  as of the signing of this plea agreement, defendant is not presently

21  entitled to a reduction of his base offense level.  Moreover, if

22  defendant is sentenced before the amendments go into effect, he

23  would only be eligible for a reduction of his sentence pursuant to

24  18 U.S.C. § 3582(c)(2) if both amendments go into effect and they

25  actually reduce defendant's Guidelines range.  Nonetheless, provided

26  that that the Court either (1) calculates defendant's § 2D1.1 base

27  offense level using the April 10, 2014, amendment (as the parties

28  stipulated above in paragraph 18) or (2) grants defendant a two-

level downward variance from the November 1, 2013, version of § 2D1.1 to give him the benefit of the April 10, 2014, amendment (as described above in the footnote accompanying paragraph 18), defendant agrees to waive any right that he may have to file a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the April 10, 2014, and July 18, 2014, amendments.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27.    Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

28.    Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations

regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

29.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

30.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

31.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

32.    Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not

accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1         <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2       36.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

7 ANDRÉ BIROTTE JR.

8 United States Attorney

9

10 JENNIFER Y. CHOU                   10/2/14
Assistant United States Attorney   DATE

11

12

13 HAYK KAZARYAN                   10.2.14
DEFENDANT                       DATE

14

15

16 KARINE BASMADJIAN, Esq.          10/2/2014
Attorney for Defendant          DATE

17 HAYK KAZARYAN

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
HAYK KAZARYAN                              DATE   10.2.14
DEFENDANT

1          <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2          I am HAYK KAZARYAN's attorney.  I have carefully and thoroughly

3    discussed every part of this agreement with my client.  Further, I

4    have fully advised my client of his rights, of possible pretrial

5    motions that might be filed, of possible defenses that might be

6    asserted either prior to or at trial, of the sentencing factors set

7    forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis

14   set forth in this agreement is sufficient to support my client's

15   entry of guilty pleas pursuant to this agreement.

16

17

18   KARINE BASMADJIAN, Esq.                    DATE   10/3/2014
     Attorney for Defendant
19   HAYK KAZARYAN

20

21

22

23

24

25

26

27

28

                                   22